UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ALBERTO REYES,

Defendant.

10-CR-863 (AKH)

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

---

ALVIN K. HELLERSTEIN, District Judge:

Defendant Alberto Reyes pleaded guilty to participating in a murder-for-hire and drug trafficking scheme in which two people were killed. 21 U.S.C. § 848(e); 18 U.S.C. § 1958. Defendant was tasked with delivering these two individuals to the hired hitman. He has served almost two-thirds of his 300-month sentence, which was imposed in January 2015. Defendant moves *pro se* for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a).

Defendant argues that he is entitled to compassionate release for three "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i): first, he was an impressionable 26-year-old at the time of the offense, and "no longer finds glamour in the criminal lifestyle that so affected him in his youth." Second, he endured prison lockdowns during the COVID-19 pandemic. Third, he has rehabilitated himself through employment and coursework, and has had no disciplinary infractions.

I deny the motion without the need for opposition from the government. Defendant knowingly participated in the cold-blooded killing of two individuals. His crime outweighs the reasons he gives for compassionate release: his age, harsh conditions during the COVID-19 pandemic, and a good prison record suggesting his rehabilitation. At 26 years old, he had

1

sufficient maturity to know what he was doing.  Furthermore, I took Defendant's age into

consideration at sentencing, Sentencing Tr. at 13:15–14:01, and he has shown no age-related

intervening circumstances warranting my reconsideration.  *See United States v. Johnson*, 92-cr-

159 (RJA), 2024 WL 1363673, at *6 (W.D.N.Y. Apr. 1, 2024) (denying compassionate release

for defendant who was 26 years old when he committed crimes that were not "split-second" or

"hot-headed").

Second, the general challenges that the COVID-19 pandemic presented to Defendant do

not set him apart from the rest of the BOP inmate population, failing to present an extraordinary

and compelling ground for relief.  *See United States v. Gutierrez*, 21-cr-759 (PKC), 2024 WL

1893066, at *1 (S.D.N.Y. Apr. 30, 2024) ("As for COVID-19, [defendant] does not state he

suffers from any medical conditions putting him at an increased risk of serious complications . .

., and the mere existence of COVID-19 in society does not justify compassionate release.").

Third, Defendant's assertions that he has rehabilitated himself and has a clean

disciplinary record, while commendable, are not extraordinary and compelling.  "To find

otherwise would convert the process for obtaining compassionate release into a de facto parole

system, through which defendants with good behavior are rewarded with sentence reductions."

*United States v. Salgado*, 15-cr-681 (VEC), 2022 WL 3043100, at *2 (S.D.N.Y. Aug. 2, 2022);

*United States v. Mathison*, 12-cr-110 (BMC), 2024 WL 2079906, at *2 (E.D.N.Y. May 9, 2024)

("Many, many prisoners make the same assertions").

I note that Defendant has failed to show he exhausted administrative remedies before

filing this motion.  *See* 18 U.S.C. § 3582(c)(1)(A).  Rather than rule technically, thereby

postponing the motion here, this decision on the merits is the preferable way to proceed.

2

## CONCLUSION

For the reasons above, Defendant's motion for compassionate release is denied. The

Clerk is instructed to terminate the open motion at ECF No. 290.

SO ORDERED.

Alvin K. Hellerstein
United States District Judge

Dated:  May 22, 2024
        New York, New York